GLADNEY, Judge.
In this action Willis Jingles seeks reimbursement of $156 he paid in settlement of an obligation on a promissory note. Made defendants are Robert and Louis Thomas, who, together with plaintiff, were comakers of the note. After trial judgment was rendered in favor of plaintiff against Robert Thomas but the demand against Louis Thomas was rejected. Plaintiff alone has appealed.
This legal controversy arose after plaintiff was sued by the Signature Loan Service, Inc. on the note signed by the three parties. Jingles paid in full the amount *224 claimed, and now in this action asks that the two defendants be held solidarity liable to him for the amount paid. His position is that he received no consideration from his signature on the note which was executed to enable the two defendants to secure a loan. The defense of Louis Thomas is that he received no consideration in return for his signature.
The evidence shows to our satisfaction that only Robert Thomas received any advantage from the note transaction, and that both Jingles and Louis Thomas were in fact accommodation makers on the note. Since the obligation on the note was discharged upon payment, plaintiff’s cause of action cannot be considered as being founded on the note. That instrument was lost or misplaced after the suit brought by the Signature Loan Service, Inc. was settled. Plaintiff’s suit, in our opinion, does present a cause of action for contribution from Louis Thomas sanctioned by LSA-C.C. art. 3058, which provides:
“When several persons have been sureties for the same debtor and for the same debt, the surety who has satisfied the debt, has his remedy against the other sureties in proportion to the share ' of each; but this remedy takes place only, when such person has paid in consequence of a lawsuit instituted against him.”
Plaintiff’s right against Louis Thomas, his co-surety, however, is not for the entirety of the sum paid by him in satisfaction of the debt, but is restricted to the pro rata share of Louis Thomas, which is for one-half of the sum claimed by Jingles. Thus, in Fox v. Corry, 1920, 149 La. 445, 89 So. 410, 416, we find this expression:
“And if one of the sureties may thus acquire the claim against his cosureties by donation, why may he not acquire it by purchase, or in any other legitimate mode of acquisition? When he acquires the whole debt, his part of it becomes extinguished by confusion, but the part of his cosureties continues in full force. Of course, if instead of acquiring the debt he simply extinguished it by payment or novation, the sureties would be • released; and the only recourse against the cosureties would be the equitable remedy provided for by article 3058.”
Our holding herein is that plaintiff is entitled to recover from Louis Thomas the sum of $78, and the decree from which appealed must be modified accordingly.
It is, therefore, ordered that the judgment from which appealed, insofar as it rejects the demands of plaintiff against Louis Thomas, be annulled and set aside, and it is adjudged there be judgment in favor of Willis Jingles against Louis Thomas in the sum of $78, with five per cent (5%) per annum interest thereon from February 9, 1956, until paid. It is further ordered that Louis Thomas pay the costs of this appeal. In all other respects the judgment from which appealed is affirmed.